## VICKSBURG, S. & P. RY. CO. v. GODWIN.

(Circuit Court of Appeals, Fifth Circuit. July 2, 1926. Rehearing Denied July 24, 1926.)

No. 4584.

Damages ⚙➞168(1)—In locomotive fireman's action against railroad for loss of hearing, plaintiff's honorable discharge from army held inadmissible to show prior physical condition (Employers' Liability Acts; Boiler Inspection Act Feb. 17, 1911, as amended by Act March 4, 1915 [Comp. St. §§ 8639a–8639d]).

In locomotive fireman's action against railroad for loss of hearing under federal Employers' Liability Acts and Boiler Inspection Act Feb. 17, 1911, as amended by Act March 4, 1915 (Comp. St. §§ 8639a–8639d), plaintiff's honorable discharge from army was not admissible to show he was able-bodied when inducted, since it was not binding on defendant, especially as it tended to prove plaintiff's good character, which was not in issue.

In Error to the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Action by Leslie T. Godwin against the Vicksburg, Shreveport & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

E. H. Randolph, of Shreveport, La., for plaintiff in error.

Philip H. Mecom, Geo. T. McSween, Jr., and Huey P. Long, all of Shreveport, La. (J. B. Crow, of Shreveport, La., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is a case arising under the federal Employers' Liability Acts and the Boiler Inspection Act of February 17, 1911, as amended by the Act of March 4, 1915 (Comp. St. §§ 8639a–8639d). Defendant in error, plaintiff below, was employed by plaintiff in error as a locomotive fireman, and on May 29, 1924, while so engaged, it became necessary to reduce the steam pressure in the boiler of the locomotive. The boiler was equipped with a blow-off valve intended to be operated by a rod connection with a lever that could be reached from the running board on the side of the engine. The engineer used the lever to open the valve, but when sufficient steam had escaped he found he could not shut it with the same contrivance. The train was stopped, and the rod disconnected from the valve, and the valve itself closed by use of a wrench. Plaintiff assisted in this operation, and, according to the allegations of the petition, his hearing was destroyed by the noise of the escaping steam and water in close proximity to his ears. The trial resulted in a verdict for plaintiff, upon which judgment was entered, to reverse which this writ of error is prosecuted.

In the course of the trial plaintiff offered in evidence his honorable discharge from the United States army. Over objection of defendant, this was admitted for the purpose of showing that at the time of his induction into the army he was an able-bodied man. It was clearly not admissible for that purpose, as it was an ex parte document, and could not have been binding upon defendant without an opportunity to cross-examine its maker. It was also objectionable for the further reason that it tended to prove the good character of the plaintiff, when that question had not been put at issue in any way. The testimony of a number of doctors as to the extent of plaintiff's injury was very much in conflict. Necessarily that favorable to him depended largely upon his own statements as to his deafness. It is impossible to say what effect the admission of this certificate had upon the minds of the jurors, in enabling them to resolve any conflict in the evidence.

Other errors are assigned, but, as the error above referred to will necessitate a reversal of the judgment, and the same questions are not likely to arise on a new trial, it is unnecessary to refer to them.

Reversed and remanded.